**EXHIBIT "C"**

Frank J. Garton, 45 Carter Lane, Marlton, New Jersey 08053
Ph; 856.396.0856

Clerk of Courts
United States Bankruptcy Court
Robert Nix, Jr. Building
Suite 400
900 Market Street
Philadelphia PA. 19107

To the Clerk of Courts, I have written this letter on June 16, 2010 and it will be postmark June 16, 2010, please accept my comments.

I submit to you these statements, for your review, which have already been submitted to the court. I planned to attend the hearing on June 30. I agree with process Bankrupcty and to give honest person a second chance; however, this matter goes beyond that. To void these liens would be almost criminal, considering how much damages has been done to families and investors  There come a point in life were you take responsibly not to use the system to wash away there sins. These lien should follow the Rappaport, the old saying "he Bankrupt" is only for today, what's in the years to come. These folks are people who live of other people money will continue to have dreams at the expense of others to support there lifestyle

Trustee is advocate for the creditors, I employ you too, to review the filing in this case are below submitted to the courts, between the entities I presented, investors and vendors have lose over 10 million dollars. I have reason to believe a substantial amount of information been omitted especially the area of income, corporation ownership and employment, parallel corporate entities. Please noted, a substantial amount of documents requested by the trustee have not been submitted.

As of today Mr. Rappaport remains CEO & Chairman, Cardiovascular Solutions aka Medeikon Corporation  on March 3, 2010 a group of investors filed Involuntary Bankruptcy against Cardiovascular Solution aka Medeikon Corporation. Fred Rappaporrt CEO, walkway from the business without notice, gave no notice to investors, vendors or government agency.   His actions cost investors 7.5 million dollars, vendors 1.5 million. He also took select secured corporate assets for his personal use and abandoned remaining the assets of the corporation. Between Valley square and Medeikon, investors lost about 10 Million
Rappaport are no stranger to the bankruptcy system.

| Date | Case # | Trustee | |
|---|---|---|---|
| 12/28/1992 | 92-24720 | Michael Kaliner | |
| 8/18/1995 | 95-16373 | Frederick L. Reigle | |
| 4/14/2009 | 09-12715-sr ✓ | | Valley Square Plastic |
| 10/30/2009 | 09-18320-elf | Bonnie B. Finkel | Fred & Vicky 3/3/2010 |

JUN 17 2009

10-10765 (wfw) 2/2/2010           Mary f Walrath        Medeikon/ Cardiovascular

Here is examples of the Rappaports management style, see below the parallel operations, which the Rappaport's claim no involvement.

On **April 7, 2009**, the following companies were formed:
    **Lifestyle Plastic Surgery, Inc**. Delaware corp.
    Lifestyle Plastic Surgery 1, LP (complex structure) Rappaport General Partner
On **April 15, 2009** the following company was formed
    Lifestyle Management Group, Rappaport acting on behalf of the General Partner
Corporate address 1127 Main St, Warrington Penna., Tel ph: **1.215.491.2000**

**Valley Square Plastic Surgery LP**, Current Name, filed Chapter 11, **4/14/2009**, Granted chapter 7, 10/8/2009
Case 09-12715-sf
Valley Square Aesthetics LP, Prior name
Valley Square Plastic Surgery Center LP, Prior name
Valley Square Plastic Surgery Management LP, Prior Name
Corporate address, **1127 Main ST. Warrington, Pa**, Tel Ph: 1.215.491.2000

**Seven (7) days** prior to filing Chapter 11, Lifestyle Surgery was formed, once Valley Square filing was entered the company continued to operate under the name of Lifestyles. Marketing information, web information content remain the same including the phone number supportive documents have been submitted to the courts. Both Fred and Vicki Rappaport were involved in the day-to-day operation. Vicki Rappaport is listed Co-Founder in Valley Square, and Executive Director in Lifestyles Healthcare Group. In addition, the small business operating reports submitted during the 11 process is nothing more then a **fairy tale**. No earning information was required from lifestyle or notice that Valley Square was operating in the same location and share equipment, staff, signs were changed and most important it phone number. It very odd that Lifestyles Plastic Surgery was formed 7 day before Valley square file chapter 11, seem like form but no substance.

Some secured assets the court granted relieve from the stay were in storage when the sheriff arrived to collect them. The secured items (Lasers) removed from storage and back at **1127 Main St,** in service, (see attached marketing information). Once again, all of the Valley Square limited partnership investors lost there investment money. Secured creditors were unable to obtain secured property. Now that, Lifestyle has gained the assets at the expense of the limited partners and the vendors, there is no major overhead but increase profits.

Latest project of Mr. Rappaport is Chairman and CEO of **Lifestyle Healthcare Group** (see attached) a **boutique hospital**, investor driven venture. Located at **1127 Main St. Warrington, Pa. (note this address & phone #).** The new project more complicated then the above will require major investment capital, it seems investors have already invested $250,000. More then likely the Rappaports income come from investor capital, management fees, expenses, and patient's cash. I can only image Mr. Rappaport with a

Medicare number what will happen. The plastic surgery operation is cash base the new project will be insurance driven.

I trust that you have understanding of this matter and rule with wisdom.

Sincerely

Frank J. Garton

JUN 17 2010

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In Re: | | Chapter: 11 |
| Valley Square Plastic Surgery, LP | | |
| | Debtor(s) | Bankruptcy No: 09-12715-sr |

***ORDER***

AND NOW, this 15th day of April, 2009, the debtor having failed to file or submit with the petition all of the documents required by Fed. R. Bankr. P. 1007,

And the following documents are missing

> Matrix List of Creditors due 04/21/2009. Corporate Resolution due 04/29/2009. Statement of Corporate Ownership due 04/29/2009. 20 Largest Unsecured Creditors due 04/29/2009. Atty Disclosure Statement due 04/29/2009. Small Business Balance Sheet due 04/29/2009. Small Business Cash Flow Statement due 04/29/2009. List of Equity Security Holders due 04/29/2009. Small Business Tax Return due 04/29/2009. Schedules A-H due 04/29/2009. Statement of Financial Affairs due 04/29/2009. Small Business Statement of Operations due 04/29/2009. Summary of schedules due 04/29/2009

It is hereby ORDERED that, if the debtor has not filed the Matrix List of Creditors (as required by L.B.R. 1007-2) or the Certificate of Credit Counseling or a Request for a Waiver from the Credit Counseling Requirement, then those documents are due within 7 days of the filing of the petition or else this case may be dismissed without additional notice or hearing after that date.

It is further ORDERED that all other missing documents are due within 15 days of the date of the filing of the petition, unless an extension for cause, sought prior to the expiration of 15 days, is granted. If not, this case may be dismissed without additional notice or hearing after 4/29/09.

By the Court

Stephen Raslavich
Chief Judge, United States Bankruptcy Court